## THE STATE, EDWIN P. CLARK, PROSECUTOR, v. CITY OF CAPE MAY.

1. A resolution of common council to remove a member of the police force of a city without cause, or for any other cause than those prescribed in the act of February 23d, 1886 (*Pamph. L., p.* 48), amending section 1 of the act of March 25th, 1885, is illegal and void.
2. The second proviso in the amended act, that it "shall not apply in and to cities commonly known as seaside and summer resorts," is within the constitutional prohibition against local and special laws regulating the internal affairs of towns and counties.

On *certiorari.*

A statement of the case, filed with the return to the writ, shows these facts: March 17th, 1885, the prosecutor was appointed a policeman. He had served prior to that time, and since 1884. Section 24 of the charter gives the appointment of the police to the city council, to hold their office under the control and at the pleasure of the council. October 2d, 1885, the prosecutor was discharged by resolution of council. All the police force, except the chief, was dis-

charged.  At the same meeting, two policemen were elected.
The plaintiff brought suit and recovered his salary from
October 2d, 1885, to May 1st, 1886, on the ground that his
discharge was without cause and illegal, under the act of
March 25th, 1885.  On May 14th, 1886, the city council
passed a further resolution discharging the prosecutor from
his employment of policemen, alleging that if the former dis-
charge were illegal, which is denied, the right to discharge was
given by the act of February 23d, 1886.  *Pamph. L., p.* 48.
Cape May is a city commonly known as a seaside or summer
resort.  It has a resident population of about sixteen hundred ;
a police force generally consisting of three men during the
entire year and six men during the months of June, July,
August and September.

Argued at February Term, 1888, before Justices SCUDDER
and REED.

For the plaintiff, *H. W. Edmunds.*

For the defendant, *R. T. Miller.*

The opinion of the court was delivered by

SCUDDER, J.  The legality of the discharge of the prose-
cutor by the resolutions of the city council is presented by the
record in this case.  He was employed since 1884 by munici-
pal authority in the police department of the city of Cape
May, and after the enactment of the statute of March 25th,
1885 (*Pamph. L., p.* 163), regulating the tenure of terms of
office of officers and men employed in the police department
of cities, could only be discharged for such cause as is named
in that statute.  He could not be removed without the
assignment of any cause, as was done in this case under the
first resolution.  The second resolution was passed after the
act of February 23d, 1886, and, it is claimed, that by it
authority was given to discharge at the pleasure of the city
council, under section 24 of the charter.  The act of February

23d, 1886, amends section 1 of the act of March 25th, 1885, in two particulars. It adds to the general description of cities of the state, the further term "whether the police departments are under the control of commissioners or otherwise;" and a second proviso, at the end of the section, "that this act shall not apply in or to cities commonly known as seaside and summer resorts."

This latter proviso or exception, it is argued, restored to the city council its former right to discharge. It is answered by the prosecutor that this exception is a local and special law regulating the internal affairs of cities, within the constitutional prohibition.

The taking of a class out of the general terms of the statute by exception, is obviously as obnoxious to the restraint put on legislation by the constitution as if a special act were passed giving it, and it only, the right of removal at pleasure. What kind of classification it must be that will make a law general, as distinguished from a local or special law regulating the internal affairs of cities, has been often considered in this court. This first section of the act of 1885 has been here construed in *Fitzgerald* v. *New Brunswick*, 18 *Vroom* 479, and in the same case in the Court of Errors and Appeals, 19 *Vroom* 457. The power of removal after policemen have been appointed to hold office during good behavior, as it is restricted by the act of February 23d, 1886, has recently been determined in *Cleary* v. *Trenton*, *ante p.* 331. They cannot be removed by force of this statute for any reason other than the causes for removal specified in that act, and certainly cannot be discharged without any cause, unless in some way the council are freed from the restraining power of the act. Is, then, the exemption contained in this amended section constitutional in its classification of cities commonly known as seaside and summer resorts in its relation to the removal of members of the police department? This can be answered by applying the test which was briefly put in *Anderson* v. *Trenton*, 13 *Vroom* 488. Is the basis of classification some peculiar feature to which the provisions of the law

are naturally related? The peculiar feature in this case is that the cities are seaside resorts, the provisions of the law apply to policemen, and the point to be established is the relation between them that makes the classification natural and appropriate. There is nothing in the mere location of these cities by the seaside that makes a more absolute control of their policemen necessary than in other cases; nor are they less liable than others to be controlled by political reasons, or unworthy motives, which are prohibited in the act. The only peculiar feature that has been presented to us, or can be conceived, is, that in the summer months there is a large and constantly changing population composed of those who go to this city for business, health or recreation, and there is more need for protection and watchfulness at that season than in ordinary cities. It appears in this case that in the summer and early fall months, while this travel continued, the council employed usually six policemen, while at other parts of the year but three were engaged. It happens in other cities that there are large meetings, parades and crowds of people that are peaceful; and sometimes there are disturbances that threaten breaches of the public peace, which make it necessary that there should be temporary appointments of special officers, in addition to the regular police force, to preserve order. The difference between the two cases is, that here the crowd goes to the seaside at a stated time every year, while in other cases it happens occasionally. It does not appear that this is a sufficient distinction to base upon it the classification and exception to the general law appertaining to cities and their police department. If the necessity of appointing two or three more policemen than would be otherwise needed is to be construed as a sufficient cause for annulling this statute, which was passed to correct the great abuses that were known to exist in our cities before its enactment, in the removal of faithful and capable men from office, then there is little protection given by it. The exception, if allowed, will be followed by others, hardly distinguishable, and the evasion of this statute will soon be completed, or the legislature be driven

· to repeal it.   I do not think that the cities excepted by this provision in the act of 1886 are so situated as to require a different law to regulate their police departments, and that the resolution passed by the common council to remove the prosecutor, without any of the causes shown within the limitations of the statute, has sufficient legal support.   This resolution will be annulled, with costs.